IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC., BOEHRINGER INGELHEIM INTERNATIONAL GMBH, and BOEHRINGER INGELHEIM CORPORATION, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| SUN PHARMACEUTICAL INDUSTRIES LIMITED, SUN PHARMACEUTICAL INDUSTRIES, INC. and OHM LABORATORIES, INC., | ) ) ) ) ) |
| Defendants. | ) |

C.A. NO. _____

## **COMPLAINT**

Plaintiffs Boehringer Ingelheim Pharmaceuticals Inc.; Boehringer Ingelheim International GmbH; and Boehringer Ingelheim Corporation, by their undersigned attorneys, for their Complaint against Defendants Sun Pharmaceutical Industries Limited, Sun Pharmaceutical Industries, Inc., and Ohm Laboratories, Inc., hereby allege as follows:

## **NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Food and Drug Laws and Patent Laws of the United States, Titles 21 and 35 of the United States Code, respectively, arising from Defendant's submissions of Abbreviated New Drug Applications ("ANDAs") to the Food and Drug Administration ("FDA") seeking approval to manufacture and sell generic versions of Plaintiffs' JARDIANCE® (empagliflozin) tablets, GLYXAMBI® (empagliflozin/linagliptin), SYNJARDY XR® (empagliflozin/metformin extended release), and/or TRIJARDY XR®

(empagliflozin/linagliptin/metformin extended release) tablets prior to the expiration of United States Patent No. 11,090,323.

## THE PARTIES

2. Plaintiff Boehringer Ingelheim Pharmaceuticals Inc. ("BIPI") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 900 Ridgebury Rd., Ridgefield, CT 06877.

3. Plaintiff Boehringer Ingelheim International GmbH ("BII") is a private limited liability company organized and existing under the laws of Germany, having a principal place of business at Binger Strasse 173, 55216 Ingelheim, Germany.

4. Plaintiff Boehringer Ingelheim Corporation ("BIC") is a corporation organized and existing under the laws of Nevada, having a principal place of business at 900 Ridgebury Road, Ridgefield, CT, 06877.

5. BIPI, BII, and BIC are collectively referred to hereinafter as "Boehringer" or "Plaintiffs."

6. On information and belief, Defendant Sun Pharmaceutical Industries Limited ("Sun Ltd.") is a corporation organized and existing under the laws of India, having a principal place of business at Sun House, Plot No. 201 B/1, Western Express Highway, Goregaon (E), Mumbai, Maharashtra, India, 400063.

7. On information and belief, Sun Ltd. controls and directs a wholly owned subsidiary in the United States named Sun Pharmaceutical Industries, Inc. ("Sun Inc."). Sun Inc. is a Delaware corporation having a principal place of business at 2 Independence Way, Princeton, New Jersey 08540.

8. On information and belief, Sun Ltd. controls and directs a wholly owned subsidiary in the United States named Ohm Laboratories, Inc. ("Ohm Labs"). Ohm Labs is a Delaware corporation, having a principal place of business at 14 Terminal Rd, New Brunswick, NJ 08901.

9. Sun Ltd., Sun Inc., and Ohm Labs are collectively referred to as "Sun."

10. On information and belief, Sun Ltd. is in the business of, among other things, developing, preparing, manufacturing, selling, marketing, and distributing generic drugs, including distributing, selling, and marketing generic drugs throughout the United States, including within the state of Delaware, through its own actions and through the actions of its agents and subsidiaries, including Sun Inc. and Ohm Labs from which Sun derives a substantial portion of its revenue.

11. On information and belief, Sun Ltd. acted in concert with Sun Inc. and Ohm Labs to prepare and submit ANDA No. 212343 (the "Sun empagliflozin ANDA") for Sun's 10 mg and 25 mg empagliflozin tablets (the "Sun empagliflozin ANDA Product").

12. On information and belief, Sun Ltd. acted in concert with Sun Inc. and Ohm Labs to prepare and submit ANDA No. 212339 (the "Sun empagliflozin/linagliptin ANDA") for Sun's 10 mg/5 mg and 25 mg/5 mg empagliflozin/linagliptin tablets (the "Sun empagliflozin/linagliptin ANDA Product").

13. On information and belief, Sun Ltd. acted in concert with Sun Inc. and Ohm Labs to prepare and submit ANDA No. 215529 (the "Sun empagliflozin/metformin extended-release ANDA") for Sun's 5 mg/1000 mg, 10 mg/1000 mg, 12.5mg/1000 mg, and 25 mg/1000 mg extended-release tablets (the "Sun empagliflozin/metformin extended-release ANDA Product").

14. On information and belief, Sun Ltd. acted in concert with Sun Inc. and Ohm Labs to prepare and submit ANDA No. 214843 (the "Sun empagliflozin/linagliptin/metformin

extended-release ANDA") for Sun's 5 mg/2.5 mg/1000 mg; 10 mg/5 mg/1000 mg; 12.5 mg/2.5 mg/1000 mg; 25 mg/5 mg/1000 mg empagliflozin/linagliptin/metformin extended-release tablets (the "Sun empagliflozin/linagliptin/metformin extended-release ANDA Product").

15.    The Sun empagliflozin ANDA, Sun empagliflozin/linagliptin ANDA, Sun empagliflozin/metformin extended-release ANDA, and Sun empagliflozin/metformin extended-release ANDA are collectively referred to hereinafter as the "Sun ANDAs."

16.    The Sun empagliflozin ANDA Product, Sun empagliflozin/linagliptin ANDA Product, Sun empagliflozin/metformin extended-release ANDA Product, and Sun empagliflozin/linagliptin/metformin extended-release ANDA Product are collectively referred to hereinafter as the "Sun ANDA Products."

17.    On information and belief, following FDA approval of the Sun ANDAs, Ohm Labs will manufacture and supply the Sun ANDA Products to Sun Inc., which will then market and sell the products throughout the United States, all at the direction, under the control, and for the direct benefit of Sun Ltd.

## JURISDICTION AND VENUE

18.    This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 et seq., generally, and 35 U.S.C. § 271(e)(2), specifically, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

19.    Venue is proper in this Court because, among other things, each Defendant is incorporated in the State of Delaware and therefore "resides" in this judicial district and/or has committed acts of infringement in this district and has a regular and established place of business in this district and/or is a foreign corporation or the agent of a foreign corporation not residing in any United States judicial district, which may be sued in any judicial district. 28 U.S.C. § 1391(c);

28 U.S.C. § 1400(b). Moreover, Sun has litigated previous Hatch-Waxman patent infringement disputes in the District of Delaware.

## PERSONAL JURISDICTION OVER SUN

20. Plaintiffs reallege paragraphs 1-19 as if fully set forth herein.

21. On information and belief, Sun Ltd. develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

22. This Court has personal jurisdiction over Sun Ltd. because, *inter alia*, Sun Ltd, on information and belief: (1) has substantial, continuous, and systematic contacts with this State, either directly or through at least one of its wholly-owned subsidiaries or agents; (2) intends to market, sell, and/or distribute the infringing Sun ANDA Products to residents of this State upon approval of Sun's ANDAs, either directly or through at least one of its wholly-owned subsidiaries or agents; and (3) enjoys substantial income from sales of its generic pharmaceutical products in this State on its own and through Ohm Labs, which is incorporated in Delaware and through Sun Inc., which is registered as a pharmacy wholesaler and controlled substances distributor/manufacturer with the Delaware Division of Professional Regulation; (4) wholly owns Ohm Labs, which is a Delaware corporation; and (5) wholly owns Sun Inc., which is registered as a pharmacy wholesaler and controlled substances distributor/manufacturer with the Delaware Division of Professional Regulation.

23. On information and belief, Sun Ltd. has not contested jurisdiction in Delaware in one or more prior cases arising out of the filing of its ANDAs, and it has filed counterclaims in such cases. *See, e.g.*, *Boehringer Ingelheim Pharm. Inc. v. Sun Pharm. Indus. Ltd.*, C.A. No. 18-1765-CFC (D. Del.); *Pfizer Inc. et al. v. Sun Pharmaceutical Industries Ltd. et al.*, C.A. No. 17-1597-LPS (D. Del.); *Boehringer Ingelheim Pharm. Inc. v. Sun Pharm. Indus. Ltd.*, C.A. No. 20-

1153-CFC (D. Del.); *Boehringer Ingelheim Pharm. Inc. v. Sun Pharm. Indus. Ltd.*, C.A. No. 20-1585-CFC (D. Del.).

24.    Alternatively, to the extent the above facts do not establish personal jurisdiction over Sun Ltd., this Court may exercise jurisdiction over Sun pursuant to Fed. R. Civ. P. 4(k)(2) because: (a) Plaintiffs' claims arise under federal law; (b) Sun Ltd. would be a foreign defendant not subject to personal jurisdiction in the courts of any State; and (c) Sun Ltd. has sufficient contacts with the United States as a whole, including, but not limited to, filing ANDAs with the FDA and manufacturing and selling generic pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Sun Ltd. satisfies due process.

## PERSONAL JURISDICTION OVER OHM LABS

25.    Plaintiffs reallege paragraphs 1-24 as if fully set forth herein.

26.    On information and belief, Ohm Labs develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

27.    This court has personal jurisdiction over Ohm Labs because, inter alia, Ohm Labs, on information and belief: (1) is incorporated under the laws of the State of Delaware; (2) intends to make Sun's ANDA Products available in this State; and (3) enjoys substantial income from sales of its generic products in this State.

28.    On information and belief, Ohm Labs has not contested jurisdiction in Delaware in one or more prior cases arising out of the filing of its ANDAs. *See, e.g.*, *Boehringer Ingelheim Pharm. Inc. v. Sun Pharm. Indus. Ltd.*, C.A. No. 18-1765-CFC (D. Del.); *Boehringer Ingelheim Pharm. Inc. v. Sun Pharm. Indus. Ltd.*, C.A. No. 20-1153-CFC (D. Del.); *Boehringer Ingelheim*

*Pharm. Inc. v. Sun Pharm. Indus. Ltd.*, C.A. No. 20-1585-CFC (D. Del.); *Shire LLC et al. v. Ranbaxy Laboratories Ltd. et al.*, C.A. No. 14-827-RGA (D. Del.).

## PERSONAL JURISDICTION OVER SUN INC.

29. Plaintiffs reallege paragraphs 1-28 as if fully set forth herein.

30. On information and belief, Sun Inc. develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

31. This Court has personal jurisdiction over Sun Inc. because, inter alia, Sun Inc., on information and belief: (1) is incorporated under the laws of the State of Delaware; (2) is registered as a pharmacy wholesaler and controlled substances distributor/manufacturer with the Delaware Division of Professional Regulation; (3) intends to market, sell, or distribute Sun's ANDA Products to residents of this State; (4) makes its generic drug products available in this State; and (5) enjoys substantial income from sale of its generic pharmaceutical products in this State.

32. On information and belief, Sun Inc. has not contested jurisdiction in Delaware in one or more prior cases arising out of the filing of its ANDAs. *See, e.g.*, *Boehringer Ingelheim Pharm. Inc. v. Sun Pharm. Indus. Ltd.*, C.A. No. 18-1765-CFC (D. Del.); *Boehringer Ingelheim Pharm. Inc. v. Sun Pharm. Indus. Ltd.*, C.A. No. 20-1153-CFC (D. Del.); *Boehringer Ingelheim Pharm. Inc. v. Sun Pharm. Indus. Ltd.*, C.A. No. 20-1585-CFC (D. Del.); *Novartis Pharmaceuticals Corporation v. Sun Pharmaceutical Industries, Ltd. et al.*, C.A. No. 18-1040-LPS (D. Del.).

## BACKGROUND

### U.S. PATENT NO. 11,090,323

33. On August 17, 2021, the USPTO duly and legally issued United States Patent No. 11,090,323 ("the '323 patent") entitled "Pharmaceutical composition, methods for treating and

uses thereof" to inventors Uli Christian Broedl, Sreeraj Macha, Maximilian von Eynatten, and Hans-Juergen Woerle. A true and correct copy of the '323 patent is attached as Exhibit A. The '323 patent is assigned to BII. BIC and BIPI are licensees of the '323 patent.

## JARDIANCE®

34.    BIPI is the holder of New Drug Application ("NDA") No. 204629 for empagliflozin, for oral use, in 10 mg and 25 mg dosages, which is sold under the trade name JARDIANCE®.

35.    Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '323 patent is listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations database ("Orange Book") with respect to JARDIANCE®.

36.    The '323 patent covers the use of JARDIANCE®.

## GLYXAMBI®

37.    BIPI is the holder of New Drug Application ("NDA") No. 206073 for empagliflozin/linagliptin, for oral use, in 10 mg/5 mg and 25 mg/5 mg dosages, which is sold under the trade name GLYXAMBI®.

38.    Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '323 patent is listed in the Orange Book with respect to GLYXAMBI®.

39.    The '323 patent covers the GLYXAMBI® product and its use.

## SYNJARDY® XR

40.    BIPI is the holder of New Drug Application ("NDA") No. 208658 for empagliflozin and metformin hydrochloride, extended release, for oral use, in 5 mg/1 g, 10 mg/1 g, 12.5 mg/1 g, and 25 mg/1 g dosages, which is sold under the trade name SYNJARDY® XR.

41.    Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '323 patent is among the patents listed in the Orange Book with respect to SYNJARDY® XR.

42.     The '323 patent covers the SYNJARDY® XR product and its use.

## TRIJARDY® XR

43.     BIPI is the holder of New Drug Application ("NDA") No. 212614 for empagliflozin and metformin hydrochloride, extended release, for oral use, in  5 mg/2.5 mg/1 g, 10 mg/5 mg/1 g, 12.5 mg/2.5 mg/1 g, and 25 mg/5 mg/1 g dosages, which is sold under the trade name TRIJARDY® XR.

44.     Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '323 patent is among the patents listed in the Orange Book with respect to TRIJARDY® XR.

45.     The '323 patent covers the TRIJARDY® XR product and its use.

## ACTS GIVING RISE TO THIS ACTION

### COUNT I — INFRINGEMENT OF THE '323 PATENT AS TO THE SUN EMPAGLIFLOZIN ANDA

46.     Plaintiffs reallege paragraphs 1-45 as if fully set forth herein.

47.     On information and belief, Sun submitted the Sun empagliflozin ANDA to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market the Sun empagliflozin ANDA Product.

48.     Sun has represented that the Sun empagliflozin ANDA refers to and relies upon the JARDIANCE® NDA and contains data that, according to Sun, demonstrate the bioavailability or bioequivalence of the Sun empagliflozin ANDA Product to JARDIANCE®.

49.     Plaintiffs received a letter (the "Sun empagliflozin Notice Letter") from Sun on or about September 30, 2021 stating that Sun had included a certification in the Sun empagliflozin ANDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that, *inter alia*, certain claims of the '323 patent are either invalid or will not be infringed by the commercial manufacture, use, or sale of the Sun empagliflozin ANDA Product (the "Sun empagliflozin Paragraph IV Certification"). The Sun

9

empagliflozin Notice Letter included a detailed statement of the factual and legal bases for Sun's empagliflozin Paragraph IV Certification (the "Sun empagliflozin Detailed Statement"). Sun intends to engage in the commercial manufacture, use, offer for sale, and/or sale of the Sun empagliflozin ANDA Product prior to the expiration of the '323 patent.

50.     Sun has infringed at least one claim of the '323 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Sun empagliflozin ANDA, by which Sun seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Sun empagliflozin ANDA Product prior to the expiration of the '323 patent.

51.     Sun has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Sun empagliflozin ANDA Product in the event that the FDA approves the Sun empagliflozin ANDA. Accordingly, an actual and immediate controversy exists regarding Sun's infringement of the '323 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

52.     Sun's empagliflozin Detailed Statement does not deny that the Sun empagliflozin ANDA Product subject to ANDA No. 212343 will infringe the claims of the '323 patent.

53.     On information and belief, Sun's use, offer to sell, or sale of the Sun empagliflozin ANDA Product in the United States during the term of the '323 patent would further infringe at least one claim of the '323 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

54.     On information and belief, the Sun empagliflozin ANDA Product, when offered for sale, sold, and/or when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '323 patent either literally or under the doctrine of equivalents.

55.     On information and belief, the use of the Sun empagliflozin ANDA Product constitutes a material part of at least one of the claims of the '323 patent; Sun knows that its

empagliflozin ANDA Product is especially made or adapted for use in infringing at least one of the claims of the '323 patent, either literally or under the doctrine of equivalents; and its empagliflozin ANDA Product is not a staple article of commerce or commodity of commerce suitable for substantial noninfringing use.

56. On information and belief, the offering to sell or sale of the Sun empagliflozin ANDA Product would contributorily infringe at least one of the claims of the '323 patent, either literally or under the doctrine of equivalents.

57. On information and belief, Sun had knowledge of the '323 patent and, by its promotional activities and package inserts for its empagliflozin ANDA Product, knows or should know that it will aid and abet another's direct infringement of at least one of the claims of the '323 patent, either literally or under the doctrine of equivalents.

58. On information and belief, the offering to sell or sale of the Sun empagliflozin ANDA Product by Sun would actively induce infringement of at least one of the claims of the '323 patent, either literally or under the doctrine of equivalents.

59. Plaintiffs will be substantially and irreparably harmed if Sun is not enjoined from infringing the '323 patent.

60. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Boehringer's reasonable attorney fees.

### COUNT II — INFRINGEMENT OF THE '323 PATENT AS TO THE SUN EMPAGLIFLOZIN/LINAGLIPTIN ANDA

61. Plaintiffs reallege paragraphs 1-60 as if fully set forth herein.

62. On information and belief, Sun submitted the Sun empagliflozin/linagliptin ANDA to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market the Sun empagliflozin/linagliptin ANDA Product.

63. Sun has represented that the Sun empagliflozin/linagliptin ANDA refers to and relies upon the GLYXAMBI® NDA and contains data that, according to Sun, demonstrate the bioavailability or bioequivalence of the Sun empagliflozin/linagliptin ANDA Product to GLYXAMBI®.

64. Plaintiffs received a letter (the "Sun empagliflozin/linagliptin Notice Letter") from Sun on or about September 30, 2021 stating that Sun had included a certification in the Sun empagliflozin/linagliptin ANDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that, *inter alia*, certain claims of the '323 patent are either invalid or will not be infringed by the commercial manufacture, use, or sale of the Sun empagliflozin/linagliptin ANDA Product (the "Sun empagliflozin/linagliptin Paragraph IV Certification"). The Sun empagliflozin/linagliptin Notice Letter included a detailed statement of the factual and legal bases for Sun's empagliflozin/linagliptin Paragraph IV Certification (the "Sun empagliflozin/linagliptin Detailed Statement"). Sun intends to engage in the commercial manufacture, use, offer for sale, and/or sale of the Sun empagliflozin/linagliptin ANDA Product prior to the expiration of the '323 patent.

65. Sun has infringed at least one claim of the '323 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Sun empagliflozin/linagliptin ANDA, by which Sun seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Sun empagliflozin/linagliptin ANDA Product prior to the expiration of the '323 patent.

66. Sun has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Sun empagliflozin/linagliptin ANDA Product in the event that the FDA approves the Sun empagliflozin/linagliptin ANDA. Accordingly, an actual and

immediate controversy exists regarding Sun's infringement of the '323 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

67. Sun's empagliflozin/linagliptin Detailed Statement does not deny that the Sun ANDA empagliflozin/linagliptin Product subject to ANDA No. 212339 will infringe the claims of the '323 patent.

68. On information and belief, Sun's use, offer to sell, or sale of the Sun empagliflozin/linagliptin ANDA Product in the United States during the term of the '323 patent would further infringe at least one claim of the '323 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

69. On information and belief, the Sun empagliflozin/linagliptin ANDA Product, when offered for sale, sold, and/or when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '323 patent either literally or under the doctrine of equivalents.

70. On information and belief, the use of the Sun empagliflozin/linagliptin ANDA Product constitutes a material part of at least one of the claims of the '323 patent; Sun knows that its empagliflozin/linagliptin ANDA Product is especially made or adapted for use in infringing at least one of the claims of the '323 patent, either literally or under the doctrine of equivalents; and its empagliflozin/linagliptin ANDA Product is not a staple article of commerce or commodity of commerce suitable for substantial noninfringing use.

71. On information and belief, the offering to sell or sale of the Sun empagliflozin/linagliptin ANDA Product would contributorily infringe at least one of the claims of the '323 patent, either literally or under the doctrine of equivalents.

72. On information and belief, Sun had knowledge of the '323 patent and, by its promotional activities and package inserts for its empagliflozin/linagliptin ANDA Product, knows or should know that it will aid and abet another's direct infringement of at least one of the claims of the '323 patent, either literally or under the doctrine of equivalents.

73. On information and belief, the offering to sell or sale of the Sun empagliflozin/linagliptin ANDA Product by Sun would actively induce infringement of at least one of the claims of the '323 patent, either literally or under the doctrine of equivalents.

74. Plaintiffs will be substantially and irreparably harmed if Sun is not enjoined from infringing the '323 patent.

75. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Boehringer's reasonable attorney fees.

## COUNT III — INFRINGEMENT OF THE '323 PATENT AS TO THE SUN EMPAGLIFLOZIN/METFORMIN EXTENDED-RELEASE ANDA

76. Plaintiffs reallege paragraphs 1-75 as if fully set forth herein.

77. On information and belief, Sun submitted the Sun empagliflozin/metformin extended-release ANDA to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market the Sun empagliflozin/metformin extended-release ANDA Product.

78. Sun has represented that the Sun empagliflozin/metformin extended-release ANDA refers to and relies upon the SYNJARDY® XR NDA and contains data that, according to Sun, demonstrate the bioavailability or bioequivalence of the Sun empagliflozin/metformin extended-release ANDA Product to SYNJARDY® XR.

79. Plaintiffs received a letter (the "Sun empagliflozin/metformin extended-release Notice Letter") from Sun on or about September 30, 2021 stating that Sun had included a certification in the Sun empagliflozin/metformin extended-release ANDA, pursuant to 21 U.S.C.

§ 355(j)(2)(A)(vii)(IV), that, *inter alia*, certain claims of the '323 patent are either invalid or will not be infringed by the commercial manufacture, use, or sale of the Sun empagliflozin/metformin extended-release ANDA Product (the "Sun empagliflozin/metformin extended-release Paragraph IV Certification"). The Sun empagliflozin/metformin extended-release Notice Letter included a detailed statement of the factual and legal bases for Sun's empagliflozin/metformin extended-release Paragraph IV Certification (the "Sun empagliflozin/metformin extended-release Detailed Statement"). Sun intends to engage in the commercial manufacture, use, offer for sale, and/or sale of the Sun empagliflozin/metformin extended-release ANDA Product prior to the expiration of the '323 patent.

80.    Sun has infringed at least one claim of the '323 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Sun empagliflozin/metformin extended-release ANDA, by which Sun seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Sun empagliflozin/metformin extended-release ANDA Product prior to the expiration of the '323 patent.

81.    Sun has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Sun empagliflozin/metformin extended-release ANDA Product in the event that the FDA approves the Sun empagliflozin/metformin extended-release ANDA. Accordingly, an actual and immediate controversy exists regarding Sun's infringement of the '323 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

82.    Sun's empagliflozin/metformin extended-release Detailed Statement does not deny that the Sun empagliflozin/metformin extended-release ANDA Product subject to ANDA No. 215529 will infringe the claims of the '323 patent.

15

83. On information and belief, Sun's use, offer to sell, or sale of the Sun empagliflozin/metformin extended-release ANDA Product in the United States during the term of the '323 patent would further infringe at least one claim of the '323 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

84. On information and belief, the Sun empagliflozin/metformin extended-release ANDA Product, when offered for sale, sold, and/or when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '323 patent either literally or under the doctrine of equivalents.

85. On information and belief, the use of the Sun empagliflozin/metformin extended-release ANDA Product constitutes a material part of at least one of the claims of the '323 patent; Sun knows that its empagliflozin/metformin extended-release ANDA Product is especially made or adapted for use in infringing at least one of the claims of the '323 patent, either literally or under the doctrine of equivalents; and its empagliflozin/metformin extended-release ANDA Product is not a staple article of commerce or commodity of commerce suitable for substantial noninfringing use.

86. On information and belief, the offering to sell or sale of the Sun empagliflozin/metformin extended-release ANDA Product would contributorily infringe at least one of the claims of the '323 patent, either literally or under the doctrine of equivalents.

87. On information and belief, Sun had knowledge of the '323 patent and, by its promotional activities and package inserts for its empagliflozin/metformin extended-release ANDA Product, knows or should know that it will aid and abet another's direct infringement of at least one of the claims of the '323 patent, either literally or under the doctrine of equivalents.

88. On information and belief, the offering to sell or sale of the Sun empagliflozin/metformin extended-release ANDA Product by Sun would actively induce infringement of at least one of the claims of the '323 patent, either literally or under the doctrine of equivalents.

89. Plaintiffs will be substantially and irreparably harmed if Sun is not enjoined from infringing the '323 patent.

90. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Boehringer's reasonable attorney fees.

**COUNT IV— INFRINGEMENT OF THE '323 PATENT AS TO THE SUN EMPAGLIFLOZIN/LINAGLIPTIN/METFORMIN EXTENDED-RELEASE ANDA**

91. Plaintiffs reallege paragraphs 1-90 as if fully set forth herein.

92. On information and belief, Sun submitted the Sun empagliflozin/linagliptin/metformin extended-release ANDA to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market the Sun empagliflozin/linagliptin/metformin extended-release ANDA Product.

93. Sun has represented that the Sun empagliflozin/linagliptin/metformin extended-release ANDA refers to and relies upon the TRIJARDY® XR NDA and contains data that, according to Sun, demonstrate the bioavailability or bioequivalence of the Sun empagliflozin/linagliptin/metformin extended-release ANDA Product to TRIJARDY® XR.

94. Plaintiffs received a letter (the "Sun empagliflozin/linagliptin/metformin extended-release Notice Letter") from Sun on or about September 30, 2021 stating that Sun had included a certification in the Sun empagliflozin/linagliptin/metformin extended-release ANDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that, *inter alia*, certain claims of the '323 patent are either invalid or will not be infringed by the commercial manufacture, use, or sale of the Sun

17

empagliflozin/linagliptin/metformin extended-release ANDA Product (the "Sun empagliflozin/linagliptin/metformin extended-release Paragraph IV Certification"). The Sun empagliflozin/linagliptin/metformin extended-release Notice Letter included a detailed statement of the factual and legal bases for Sun's empagliflozin/linagliptin/metformin extended-release Paragraph IV Certification (the "Sun empagliflozin/linagliptin/metformin extended-release Detailed Statement"). Sun intends to engage in the commercial manufacture, use, offer for sale, and/or sale of the Sun empagliflozin/linagliptin/metformin extended-release ANDA Product prior to the expiration of the '323 patent.

95.    Sun has infringed at least one claim of the '323 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Sun empagliflozin/linagliptin/metformin extended-release ANDA, by which Sun seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Sun empagliflozin/linagliptin/metformin extended-release ANDA Product prior to the expiration of the '323 patent.

96.    Sun has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Sun empagliflozin/linagliptin/metformin extended-release ANDA Product in the event that the FDA approves the Sun empagliflozin/linagliptin/metformin extended-release ANDA. Accordingly, an actual and immediate controversy exists regarding Sun's infringement of the '323 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

97.    Sun's empagliflozin/linagliptin/metformin extended-release Detailed Statement does not deny that the Sun empagliflozin/linagliptin/metformin extended-release ANDA Product subject to ANDA No. 214843 will infringe the claims of the '323 patent.

98.     On information and belief, Sun's use, offer to sell, or sale of the Sun empagliflozin/linagliptin/metformin extended-release ANDA Product in the United States during the term of the '323 patent would further infringe at least one claim of the '323 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

99.     On information and belief, the Sun empagliflozin/linagliptin/metformin extended-release ANDA Product, when offered for sale, sold, and/or when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '323 patent either literally or under the doctrine of equivalents.

100.    On information and belief, the use of the Sun empagliflozin/linagliptin/metformin extended-release ANDA Product constitutes a material part of at least one of the claims of the '323 patent; Sun knows that its empagliflozin/linagliptin/metformin extended-release ANDA Product is especially made or adapted for use in infringing at least one of the claims of the '323 patent, either literally or under the doctrine of equivalents; and its empagliflozin/linagliptin/metformin extended-release ANDA Product is not a staple article of commerce or commodity of commerce suitable for substantial noninfringing use.

101.    On information and belief, the offering to sell or sale of the Sun empagliflozin/linagliptin/metformin extended-release ANDA Product would contributorily infringe at least one of the claims of the '323 patent, either literally or under the doctrine of equivalents.

102.    On information and belief, Sun had knowledge of the '323 patent and, by its promotional activities and package inserts for its empagliflozin/linagliptin/metformin extended-release ANDA Product, knows or should know that it will aid and abet another's direct

19

infringement of at least one of the claims of the '323 patent, either literally or under the doctrine of equivalents.

103. On information and belief, the offering to sell or sale of the Sun empagliflozin/linagliptin/metformin extended-release ANDA Product by Sun would actively induce infringement of at least one of the claims of the '323 patent, either literally or under the doctrine of equivalents.

104. Plaintiffs will be substantially and irreparably harmed if Sun is not enjoined from infringing the '323 patent.

105. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Boehringer's reasonable attorney fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against Sun and for the following relief:

a.    A Judgment be entered that Sun has infringed at least one claim of the '323 patent by submitting the Sun empagliflozin ANDA;

b.    A Judgment be entered that Sun has infringed at least one claim of the '323 patent by submitting the Sun empagliflozin/linagliptinANDA;

c.    A Judgment be entered that Sun has infringed at least one claim of the '323 patent by submitting the Sun empagliflozin/metformin extended-release ANDA;

d.    A Judgment be entered that Sun has infringed at least one claim of the '323 patent by submitting the Sun empagliflozin/linagliptin/metformin extended-release ANDA;

e.    That Sun, its officers, agents, servants, employees, and those persons acting in active concert or participation with all or any of them be preliminarily and

20

permanently enjoined from: (i) engaging in the commercial use, offer to sell, or sale within the United States of drugs or methods of administering drugs claimed in the '323 patent, and (ii) seeking, obtaining or maintaining approval of Sun's empagliflozin ANDA until the expiration of the '323 patent or such other later time as the Court may determine;

f.    That Sun, its officers, agents, servants, employees, and those persons acting in active concert or participation with all or any of them be preliminarily and permanently enjoined from: (i) engaging in the commercial use, offer to sell, or sale within the United States of drugs or methods of administering drugs claimed in the '323 patent, and (ii) seeking, obtaining or maintaining approval of Sun's empagliflozin/linagliptin ANDA until the expiration of the '323 patent or such other later time as the Court may determine;

g.    That Sun, its officers, agents, servants, employees, and those persons acting in active concert or participation with all or any of them be preliminarily and permanently enjoined from: (i) engaging in the commercial use, offer to sell, or sale within the United States of drugs or methods of administering drugs claimed in the '323 patent, and (ii) seeking, obtaining or maintaining approval of Sun's empagliflozin/metformin extended-release ANDA until the expiration of the '323 patent or such other later time as the Court may determine;

h.    That Sun, its officers, agents, servants, employees, and those persons acting in active concert or participation with all or any of them be preliminarily and permanently enjoined from: (i) engaging in the commercial use, offer to sell, or sale within the United States of drugs or methods of administering drugs claimed in the

'323 patent, and (ii) seeking, obtaining or maintaining approval of Sun's empagliflozin/linagliptin/metformin extended-release ANDA until the expiration of the '323 patent or such other later time as the Court may determine;

i.    A judgment ordering that pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Sun's empagliflozin ANDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) shall not be earlier than the latest of the expiration date of the '323 patent, including any extensions;

j.    A judgment ordering that pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Sun's empagliflozin/linagliptin ANDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) shall not be earlier than the latest of the expiration date of the '323 patent, including any extensions;

k.    A judgment ordering that pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Sun's empagliflozin/metformin extended-release ANDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) shall not be earlier than the latest of the expiration date of the '323 patent, including any extensions;

l.    A judgment ordering that pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Sun's empagliflozin/linagliptin/metformin extended-release ANDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) shall not be earlier than the latest of the expiration date of the '323 patent, including any extensions;

m.    That Boehringer be awarded monetary relief if Sun commercially uses, offers to sell, or sells its respective proposed generic versions of JARDIANCE® or any other

22

product that infringes or induces or contributes to the infringement of the '323 patent, within the United States, prior to the expiration of this patent, including any extensions, and that any such monetary relief be awarded to Boehringer with prejudgment interest;

n. That Boehringer be awarded monetary relief if Sun commercially uses, offers to sell, or sells its respective proposed generic versions of GLYXAMBI® or any other product that infringes or induces or contributes to the infringement of the '323 patent, within the United States, prior to the expiration of this patent, including any extensions, and that any such monetary relief be awarded to Boehringer with prejudgment interest;

o. That Boehringer be awarded monetary relief if Sun commercially uses, offers to sell, or sells its respective proposed generic versions of SYNJARDY® XR or any other product that infringes or induces or contributes to the infringement of the '323 patent, within the United States, prior to the expiration of this patent, including any extensions, and that any such monetary relief be awarded to Boehringer with prejudgment interest;

p. That Boehringer be awarded monetary relief if Sun commercially uses, offers to sell, or sells its respective proposed generic versions of TRIJARDY® XR or any other product that infringes or induces or contributes to the infringement of the '323 patent, within the United States, prior to the expiration of this patent, including any extensions, and that any such monetary relief be awarded to Boehringer with prejudgment interest;

q.      A Judgment be entered that this case is exceptional, and that Plaintiffs are entitled to their reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

r.      Costs and expenses in this action; and

s.      Such other and further relief as the Court deems just and appropriate.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

OF COUNSEL:

Jeanna M. Wacker
Mira A. Mulvaney
Sam Kwon
Ashley L.B. Ross
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4679

James F. Hurst
Bryan S. Hales
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 862-2000

October 22, 2021

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs*

24